## C. N. COOPER v. W. J. LISLE, ASSIGNEE.

**Principal and Agent—Unauthorized Acts—Ratification.**
> Where an agent is authorized to borrow money on time, but gets it on call, the principal ratifies his action by accepting it.

**Exceptions—Bill of—Time to File—Extension.**
> The judge, during a term in which the judgment was rendered, gave the appellant until the third day of the next term to file the bill of exceptions which was the proper time to file it.

APPEAL FROM MARION CIRCUIT COURT.

December 15, 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

Mahon & Brown were merchants in Marion county, and the appellant, Cooper, was in their employ. They had applied to one Hill for the purpose of borrowing $200, and in order to obtain the loan sent the appellant to get the money. When the appellant arrived at Hill's he refused to loan the money, stating that what money he had on hand was for the purpose of paying the appellant and others who were entitled to it from the estate of their father, who was dead, and Hill was liable in some way for the money. Hill, however, agreed to let Mahon & Brown have the money in the event the appellant would deduct from the amount that was coming to him from Hill the amount appellant owed Mahon & Brown, which was seventy-two dollars. Cooper agreed to this, obtained a check for $200 payable to Mahon & Brown, and upon which they obtained the money. The money to be paid back to Hill by Mahon & Brown when called for. It seems that the appellant, Cooper, paid to Hill the amount of the account that he owed Mahon & Brown by crediting Hill on the amount he was owing appellant out of his father's estate. This, in fact, was the original agreement between Hill and the appellant when the money was loaned and $72.83 of the money Brown & Mahon obtained was appellant's money. Hill only collected in the distribution of the assets of Mahon & Brown his pro rata portion on the $200 less by the credit of $72.83. Mahon & Brown's debt has

been paid by Cooper to the extent of $72.83, and now the assignee of Mahon & Brown seek to recover the amount of the account due by appellant to him as assignee of Mahon & Brown and refuse to allow the amount paid Hill as a set-off. We are inclined to think that the firm of Mahon & Brown knew how this money was obtained. They deny that they authorized Cooper to borrow it, to be paid on demand, but still they accepted it, and must be bound by the terms thereof. The authority delegated to Cooper was to borrow it for a few weeks, but Cooper disregarded this authority and borrowed it to be paid upon call, as the witness expresses it, and by agreeing to surrender two dollars of his own money in Hill's hands in order to get it. The set-off should have been allowed. The bill of exceptions were filed at the proper time. The judge, during the term at which the judgment was rende.ed gave the appellant until the third day of the next term to file the bill of exceptions. No bill of exceptions could have been filed at the criminal and equity term in June, and on the third day of the first term succeeding the one at which the judgment was rendered the bill of evidence was filed. The judgment of the court below is reversed, and cause remanded with directions to grant the appellant a new trial, and for further proceedings not inconsistent with this opinion.

C. A. Johnston, for appellant.
Lisle, for appellee.